PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| TYRONE MICHAEL MUNN, | ) |
| | ) CASE NO. 1:19-CV-1580 |
| Plaintiff, | ) |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| CUYAHOGA COUNTY STATE HOSPITAL | ) |
| HEALTH CARE SYSTEMS PERSONAL | ) |
| INJURIES, | ) **MEMORANDUM OF OPINION** |
| | ) **AND ORDER** |
| Defendant. | ) |

*Pro se* Plaintiff Tyrone Michael Munn filed this action against "Cuyahoga County, State Hospital Health Care Systems Personal Injuries." ECF No. 1. The Complaint is composed entirely of rambling sentences and does not contain legal claims or a prayer for relief. *See id*.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. ECF No. 2. The Court grants Plaintiff's application.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996)*; Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990). An action has no arguable basis in law when a Defendant is immune from suit or when a Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when

(1:19CV1580)

the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough fact to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), further explains the "plausibility" requirement, stating that " a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id*.

To meet basic notice pleading requirements, the Complaint must give Defendants fair notice of what Plaintiff's claims are and the grounds upon which they rest. *Bassett v. Nat'l*

(1:19CV1580)

*Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Plaintiff's Complaint does not contain a decipherable statement of facts, legal claims, or a request for relief. Even giving it the liberal reading accorded to *pro se* pleadings, it fails to meet basic notice pleading requirements.

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


 December 23, 2019             */s/ Benita Y. Pearson*
Date                                        Benita Y. Pearson
                                               United States District Judge